ANNA O. CORDUA et al., as Executors of ELIZABETH O. S. ANDREWS, Deceased, et al., Appellants, *v.* AIMEE S. GUGGENHEIM et al., Respondents, Impleaded with Others.

Argued March 15, 1937; decided April 27, 1937.

*Frank C. Laughlin, Stewart W. Bowers* and *E. W. Simms* for appellants. The plaintiffs' testator was led to suppose by the representations of the seller that the express easement of adjacent roads or streets referred to the strip in question as indicated on the map or plan of

development. (*Spinner v. Bergen Associates, Inc.*, 237 App. Div. 610; 262 N. Y. 615; *Barnes v. Midland R. R. Terminal Co.*, 193 N. Y. 378; *Wyman v. Mayor*, 11 Wend. 486.) As parol evidence is admissible on the trial to explain the meaning of the words, " any road or street, opened or proposed, in front of or adjacent to the above described premises " in the second clause of the grant and " roads and streets adjacent to the premises," as used in the third clause granting an easement in the deed, the allegation of fact in the complaint that these words refer to the strip in question, as indicated on the map or plan of development, cannot be questioned. (*Fleischman v. Fergueson*, 223 N. Y. 235; *Matter of Eleventh Avenue*, 81 N. Y. 436; *Coleman v. Manhattan Beach Imp. Co.*, 94 N. Y. 229; *Mullen v. Washburn*, 224 N. Y. 413; *Browne v. Paterson*, 165 N. Y. 460; *Wood v. Duff-Gordon*, 222 N. Y. 88; *Crocker v. Cotting*, 166 Mass. 183; *People ex rel. de Martini v. McLaughlin*, 243 N. Y. 417; *Utica City Nat. Bank v. Gunn*, 222 N. Y. 204; *Coyne v. Weaver*, 84 N. Y. 386; *Glanzer v. Shepard*, 233 N. Y. 236; *Atterbury v. Bank of Washington Heights*, 241 N. Y. 231; *Atwater & Co. v. Panama R. R. Co.*, 246 N. Y. 519; *Matter of Shaddock v. Schwartz*, 246 N. Y. 288.) The self-serving statements in the letter are not binding on the plaintiffs. (*Mott v. Consumers' Ice Co.*, 73 N. Y. 543.)

*Abraham L. Bienstock, Richard Reiss* and *Max D. Steuer* for Aimee S. Guggenheim et al., respondents. The tentative plan cannot be relied upon to establish the easement, since the law, in such cases, limits private easements to abutting streets only. (*Matter of Twenty-ninth Street*, 1 Hill, 189; *Nichols Copper Co. v. Connolly*, 208 App. Div. 667; 240 N. Y. 596; *Matter of City of New York* [*E. 177th St.*], 239 N. Y. 119.) The right and privilege of using any and all roads or streets adjacent to the demised premises for the purposes of ingress and egress did not include the right to use the respondent Guggenheim's property for access to and from Long Island Sound. (*Matter of City of New York* [*E. 177th St.*], 239 N. Y. 119; *Burnett v.*

*Wadsworth,* 57 N. Y. 634; *Clarke Estate* v. *City of New York,* 165 App. Div. 873.) The deed is complete and unambiguous on its face and the appellants may not look to extrinsic evidence to explain it. (*Thomas* v. *Scutt,* 127 N. Y. 133; *Parsons* v. *Johnson,* 68 N. Y. 62; *Uihlein* v. *Matthews,* 172 N. Y. 154; *Herman* v. *Roberts,* 119 N. Y. 37.) No easement of ingress and egress over the respondent Guggenheim's land to Long Island Sound may be implied. (*Potter* v. *Iselin,* 31 Hun, 134; *Williamson* v. *Salmon,* 105 Misc. Rep. 485; 196 App. Div. 922; 233 N. Y. 657; *Sweeney* v. *St. John,* 28 Hun, 634; 100 N. Y. 634; *White* v. *Manhattan Ry. Co.,* 139 N. Y. 19; *Heyman* v. *Biggs,* 223 N. Y. 118; *Moore* v. *Day,* 199 App. Div. 76; 235 N. Y. 554; *Goerke Co.* v. *Wadsworth,* 73 N. J. Eq. 448; *Bosch* v. *Hoffman,* 42 Penn. Super. Ct. 313; *Baldwin Lumber Co.* v. *Todd,* 124 La. 543.)

*Paul A. Crouch* for William A. Harriman, respondent. The map attached to the preliminary contract establishes no easement. (*Mitchill* v. *Lath,* 247 N. Y. 377; *Matter of City of New York,* 145 App. Div. 918; 203 N. Y. 570; *Matter of City of New York* [*Varian Ave.*], 242 App. Div. 378.) The general grant of using roads and streets is not referable to a single easement to the shore, which is neither. (*Parsons* v. *Johnson,* 68 N. Y. 62; *Mitchill* v. *Lath,* 247 N. Y. 377.)

FINCH, J. This is an action for a declaratory judgment and a permanent injunction to preserve a right of way from the property of the plaintiffs to the shore of Long Island Sound. Special Term dismissed the complaint without leave to amend, upon a motion based only on the complaint and the bill of particulars. It was not contended that the allegations of the complaint were insufficient, but that as a matter of law they were shown to be untrue by the documents attached thereto and the bill of particulars. The Appellate Division has unanimously affirmed. The appeal is by permission of this court.

The complaint alleges that the North Shore-Sands Point Corporation, being the owner in fee of certain property shown on a map entitled "Plan of Development," contracted to sell to the plaintiff's testatrix, Elizabeth Andrews, a plot of land described as being that portion of plot No. 5 shown on the plan, lying south of an existing roadway running through the plot. The contract of sale had physically attached to it the map or "Plan of Development," and contained the same express easements as will be later quoted from the deed. It also contained the following: " all references herein to said tentative plan being made solely for the purpose of identifying the location of said plot, said plan being preliminary only and subject to alteration in whole or in any part thereof by the party of the first part without the consent of the party of the second part or of any other person whomsoever, the party of the first part making no representations as to said plan or as to the development of the property of the party of the first part in accordance with said plan or any part thereof."

Subsequently this property was conveyed to the plaintiff's testatrix. It is alleged that the easement and appurtenances granted to the testatrix included a right to use a certain strip of land as a means of ingress and egress from the property to the high-water mark of Long Island Sound. The complaint further alleges that at the time of the execution of the contract of sale and the delivery of the deed, the plan of development had been projected as a real estate development which was to afford access to the beach of Long Island Sound by means of a right of way or easement over the strip of land, and that such use has been denied to the present owners of the property, ingress and egress being blocked by the erection of a barrier.

The deed which was attached to the complaint contains the following express easements, which for convenience will be numbered 1, 2 and 3:

1. " Together with a right of way for ingress and egress over the private lane adjacent to the above-described premises on the north, in a westerly direction out to Middle Neck Road."

2. " Together with all the right, title and interest of the party of the first part in, and to any land lying in the bed of any road or street, opened or proposed, in front of or adjoining the above described premises to the center line of said road or street, subject, however, to rights of other parties to the use thereof for highway purposes."

3. " Together with the right and privilege of using any and all roads or streets adjacent to the above described premises for the purpose of ingress and egress; subject, however, to such rules and regulations as the North Shore-Sands Point Corporation, the party of the first part herein, or the owner or owners for the time being (including the North Shore-Sands Point Corporation as to acreage owned by it) of fifty one per cent. (51%) in acreage, in the aggregate, of the entire tract which was conveyed by Aimee S. Guggenheim to North Shore-Sands Point Corporation by deed dated January 31st, 1929, recorded in the office of the Clerk of the County of Nassau on February 20, 1929, in Liber 1384 of Deeds, page 460, and of the two certain parcels of land which were conveyed by Aimee S. Guggenheim to William Averell Harriman by deed dated January 31st, 1929, recorded in the office of the Clerk of the County of Nassau on February 20, 1929, in Liber 1409 of Deeds, page 333, shall from time to time make, establish and prescribe."

The first express easement grants right of way over the private lane which bounds the property purchased on the north, and runs to the public road known as Middle Neck road. The second and third grant a right of way over roads and streets, open or proposed, in front of or adjacent to the premises.

The deed also provides that the North Shore-Sands Point Corporation may levy certain assessments for the purpose of paying maintenance charges for " Lighting,

improving and maintaining *roads, streets, waterways,* parks, and other places maintained for the common use of the property owners     *     *     *.''

The defendants contend that the deed is unambiguous, and that, therefore, in this action extrinsic evidence is not admissible to vary or to show the meaning of the terms of the instrument. They assert that no reference can be made to the physical aspects of the property so as to show an open and notorious lane running from the property to the shore, nor to the map or the contract itself, nor can any one be permitted to testify that the vendee was informed that she would have a right of way over the strip of land.

Prior negotiations or agreements are not admissible to *vary* the terms of the written instrument. There is a conclusive presumption that the parties intended to integrate in the deed every agreement relating to the nature or extent of the property to be conveyed. (*Herman* v. *Roberts,* 119 N. Y. 37, 42.) Where the language of the deed is ambiguous, however, parol evidence is admissible to show the intent of the parties. (*Wilson* v. *Ford,* 209 N. Y. 186, 196.) Similarly, although on the face of the deed there be no ambiguity in the language employed, nevertheless, parol evidence is admissible to show the particular property to which the words of general description were intended to apply. (*Coleman* v. *Manhattan Beach Improvement Co.,* 94 N. Y. 229; *Mullen* v. *Washburn,* 224 N. Y. 413.) Such oral evidence does not vary the terms of the deed. It merely identifies the premises intended to be conveyed. Parol evidence is always admissible to apply a writing to its subject. The general description of property in the deed is often vague, uncertain and general. Oral evidence is admissible to enable the court to determine the application of the general language of the deed to the particular land to which it was intended to refer.

In the case at bar the deed grants rights of way over '' roads or streets, opened or proposed,'' in addition to the

specific mention of " a certain *existing* lane " leading to Middle Neck road. This differentiates this lane from the roads or streets, open or proposed. The respondents contend that the only right of way granted was the one leading to the Middle Neck road, and that the other clauses granting rights of way over roads and streets were meaningless, that they were merely printed provisions of a form deed which had not been stricken out. It might be that such was the intention of the grantor, but the grantee or her heirs or assigns should have the right to show that such was not the intention as she was led reasonably to understand the matter and that there are " roads or streets, opened or proposed " in addition to the lane leading to Middle Neck road to which the language of the deed was intended to apply. The terms " roads or. streets " are not conclusively presumed to apply only to an open or proposed thoroughfare which leads to a public highway. Evidence may be introduced to show that the parties intended, or the defendants led the plaintiff's testatrix reasonably to believe, that the phrase " roads or streets " included a right of way in common with others over a strip of land leading to Long Island Sound. Such evidence does not vary the written instrument. It merely reveals its meaning. (*Mullen* v. *Washburn, supra; Coleman* v. *Manhattan Beach Improvement Co., supra.*)

For the purpose of showing the meaning of the words used in the deed, as applied to the physical characteristics of the land conveyed, the contract to sell, the map or " Plan of Development " and oral testimony were all admissible. Judged by the documents annexed to the complaint and revealed by the bill of particulars, alone, the complaint should not have been dismissed. The bill of particulars asserts that " representations and promises were made both in writing and orally that Elizabeth O. S. Andrews and her heirs and assigns would have access to the beach of Long Island Sound by means of a right of way or easement over the strip or plot * * *." At

the least it cannot be said even that the contract and map conclusively show as a matter of law that no right of way over the strip was intended. The complaint contains the allegation of fact that the words in the second and third clauses, which grant easements, refer to the way leading to Long Island Sound. The plaintiffs must be afforded an opportunity at a trial to prove this allegation.

It is true that the contract stated that all references to the tentative plan were made solely for the purpose of identifying the location of the plot, and that the plan was preliminary and subject to alteration without the consent of the grantee; but that does not mean that the grantor could show the grantee a strip on the map, tell her that this was to be a right of way which she could use for going to and coming from the sound, subsequently describe the strip in the deed as a " road or street," and then turn around and say that the strip was not actually a road or street and that, therefore, the grantee had not obtained a right of way to the sound. A right reserved to alter the tentative plan does not include the power to abrogate entirely.

The plan clearly indicates a strip of land immediately adjacent to the plot conveyed and running therefrom to Long Island Sound, which is shown not only by the usual markings on the map, but is also indicated by a double row of trees or hedges. Moreover, this was a narrow strip between plots which usually would signify a road or street. Furthermore, that this strip of land was laid out as a way or lane to Long Island Sound does not seem to be disputed seriously by the defendants. They admit that the fifty-foot strip ran past the plot conveyed to the testatrix, and leads to the sound, but they contend that this strip and other similar strips were intended only to give the owners of three large upland plots a way to the waterfront, and that the testatrix was to be excluded from the use of these strips. In support of this, they introduce a letter from them to the testatrix, tending to show that she had acquired an option to purchase

outright the title to a fifty-foot strip running from the westerly side of her plot as originally located. They maintain that because the testatrix contemplated obtaining sole title to a fifty-foot strip running to the sound, it was evident that she had no right to use the strip laid out on the map in common with others, although such strip of land was intended as a way by which other property owners could go to and come from the sound. The plaintiffs do not contend for an exclusive use of this way to the sound, but only for the right to use it in common with others. If exclusive title to a fifty-foot strip running from the land to the sound had been obtained, the testatrix would have had the right to construct thereon the usual harbor, boathouse and other buildings.

From all this it is clear that the "Plan of Development" or map shows a strip of land which might be proven to be a "road or street, opened or proposed, in front of or adjoining" the property of the plaintiffs. This map, together with evidence showing that the strip was a road or street, or was of such nature that the grantee reasonably understood it to be a "road or street" within the meaning of those terms as used in the deed, are admissible to show the physical terrain to which the deed referred.

In their brief the appellants state that they can show that upon this strip a road had been laid out and was in actual use as a road or gravel path at the time of the conveyance, and that it was used by pedestrians and for the purpose of hauling boats to and from the property now held by the plaintiffs. Such evidence identifying the road should not be excluded.

The plaintiffs have a right to introduce evidence to identify the "roads or streets" referred to on the map. Therefore, any evidence showing that there is a strip of land between the property of the plaintiffs and that of their neighbor, and that this strip of land is a road or street, or of such nature that it reasonably was regarded as a road or street, or that the grantor informed the

grantee that it was the road or street referred to in the deed, is admissible. The complaint should not have been dismissed on the pleadings.

It follows that the judgments should be reversed, and the motion for judgment on the pleadings denied, with costs in all courts.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., concurs in result.

Judgments reversed, etc.