Foster, P. J.,
(dissenting). Defendant has appealed from a judgment which decided that it has no title or interest in a small pond or lake, situated in the town of Bethel, Sullivan County, and known as Silver Lake, by virtue of a deed of an adjacent parcel containing eight acres of land.
The lake involved was formerly known as Pleasant Pond. It is a small pear-shaped body of water, fed by underground springs, and of natural formation to a great extent, although there is a small dain at the outlet which backs up the water at times. The parties to the action own and maintain summer camps for children on the adjacent uplands. If the judgment is correct the individual plaintiffs own most of the lake. Defendant owns a four-acre parcel which juts partly out into the lake and is not involved in this controversy. But in addition to this parcel defendant claims to own to the center of the lake under its deed of an eight-acre parcel, and it is this claim which is in issue.
At one time title to all the premises now owned by the defendant and the individual plaintiffs was in a common owner. He conveyed first to a predecessor in title of the defendant by a conveyance which embraced the eight-acre parcel and the four-acre parcel. This was in 1916. The eight-acre parcel was described as follows: ‘ ‘ Also all that other tract, piece or parcel of land adjoining the last above described and being described *29 as follows: Beginning at the northwest corner of the 4 acre lot last above described and thence along the north line of said 4 acre lot and along a stone wall 349 feet to Pleasant Pond low water mark, thence in a northerly direction along said Pleasant Pond shore 864 feet more or less to a wire fence and stake; thence westerly along said wire fence 349 feet more or less to the east line of the McKee farm; thence south 900 feet more or less to and along the east line of the McKee lot line to the place of beginning containing 8 acres of land more or less. The said premises to run along the said Pleasant Pond and to run to the low water mark thereof.” (Emphasis supplied.)
The foregoing description was carried in a series of mesne conveyances until title was acquired by the defendant in 1927.
In 1918, the former common owner conveyed the remainder of his holdings, embracing the greater part of the lake, to a predecessor in title of the individual plaintiffs, excepting therefrom the eight-acre parcel and also the four-acre parcel. Subsequently and through a series of mesne conveyances the individual plaintiffs acquired title to all but the eight-acre and the four-acre parcels.
At the time of the trial the common owner was dead. Defendant sought to show conversations between him and his first grantee, and also between them and the scrivener, tending to prove the common owner’s intent to convey title to the center of the lake in connection with the eight-acre parcel. Defendant also sought to show an alleged admission to that effect made by the common owner to a stranger. All of this testimony was excluded, and I think properly so. Evidence of this character would be generally inadmissible as against the rule that all prior conversations are considered to be merged in the deed (Uihlein v. Matthews, 172 N. Y. 154). But there is an additional reason for exclusion here. The former common owner is dead. The parties to this controversy are remote grantees and the recording act has intervened. The plaintiffs may well urge that it is bound by the record only, and entitled to rely upon it (Tuscarora Club v. Brown, 215 N. Y. 543). It is too late in the day to either add or subtract from the land conveyed by evidence of what was said prior to the execution of the first deed by the common owner. It is true that property may at times be identified by parol testimony, but that rule is only applied when the property cannot be identified from the instrument itself (Cordua v. Guggenheim, 274 N. Y. 51). There is no difficulty here in identifying the property. It has definite measurements and is bounded by stated monuments. The question in the case *30 arises not from lack of identification, but rather as to the legal implication arising from the use of certain terms for the designation of one boundary. For the solution of that question I think we are required to look only to the record and the law. Nothing passes by deed except what is described, whatever the intention of remote parties may have been (Clark v. Baird, 9 N. Y. 183; Terry v. Chandler, 16 N. Y. 354; Armstrong v. Du Bois, 90 N. Y. 95; Coleman v. Manhattan Beach Improvement Co., 94 N. Y. 229; Thayer v. Finton, 108 N. Y. 394; Muldoon v. Deline, 135 N. Y. 150).
A conveyance of land bounded by a small nonnavigable lake or pond ordinarily carries title to the center, or the thread of the current. This was the rule at common law (Hardin v. Jordan, 140 U. S. 371). It is the law of this State. The rule, however, is based merely on a presumption, and if an express restrictive boundary is named the presumption does not apply. Thus a description carrying the boundary “ by the shore ” is such an express restriction; and like-wise a description carrying the land ‘ to the bank ”. On the other hand a description carrying the boundary “ along said pond ” contains no restriction and conveys title to the center of the pond (White v. Knickerbocker Ice Co., 254 N. Y. 152; Gouveneur v. National City Ice Co., 134 N. Y. 355; Child v. Starr, 4 Hill 369). It has also been held in this State that where land was described as extending to the bank of a creek the grantee did not take title to the center of the creek, nor was he limited to the bank at high water mark. Such a description included land to the margin of the stream at low-water mark (Halsey v. McCormick, 13 N. Y. 296). It has been held in a sister State that a description “ to low-water mark * * *; thence northerly along the low-water mark ’ ’ of a pond or river, fixes that mark as the boundary and does not convey any land beyond the low-water mark (Allen v. Weber, 80 Wis. 531).
To apply the foregoing principles to the description of the eight-acre parcel the following language may be recalled: “ * * * along a stone wall 349 feet to Pleasant Pond low water mark, thence in a northerly direction along said Pleasant Pond shore 864 feet more or less to a wire fence and stake; * * *"
Thus far the description clearly expresses a marginal restriction, I think. It carries the line to low-water mark and thence along the Pleasant Pond “ shore ”. It is argued that the term “ low water mark ” indicated an intent to convey to the center *31 of the lake, but with this argument I do not agree. "Where the boundary is limited to the bank or shore it follows equally that it extends to low-water mark, because obviously what is meant by the bank or shore is the line where the land touches the water. Obviously the shore follows the edge of the water whether the water is high or low.
Defendant relies quite largely upon the last sentence contained in the description which reads: “ The said premises to run along the said Pleasant Pond and to run to the low water mark thereof.” The court below held that the course along Pleasant Pond was qualified by the latter clause " to run to the low water mark thereof ”. Ih view of the language used in the main body of the description this seems to me to be a correct interpretation. Thus we have, considering the description as a whole, two restrictive terms used, “ shore ” and “ low water mark ”, which constitute a marginal limitation. Under the cases cited these restrictive terms should not be ignored, and in my opinion they overcome the presumption which ordinarily flows from a conveyance of land along fresh water.
In addition to this claim of title by virtue of the record description defendant claims a prescriptive right to use the waters of the lake to the center line thereof. The court below found the evidence insufficient to sustain such a claim. The defendant had the burden on this issue but it failed to show any exclusive use of any part of the lake. At most it was shown that the defendant used the waters in common with several other owners and strangers. Exclusive use is one of the cardinal elements of a prescriptive right, and common use or acquiescence will not suffice to establish such a right (Commonwealth Water Co. v. Brunner, 175 App. Div. 153; Mix v. Tice, 164 Misc. 261). The trial court found that the use of the entire lake was a common one, and there is evidence to sustain this finding, in fact there is little, if any, evidence to the contrary.' Such a common use would include I think any inexpensive and temporary structures ■ such as docks or piers set up for convenience in launching or landing boats and canoes. Such structures and the use thereof would not constitute adverse user in view of the general and common use of the' lake (Noble v. Echo Lake Tavern, Inc., 142 Misc. 427).
The judgment should be affirmed, with costs.
Heffernan and Santry, JJ., concur with Brewster, J.; Foster, P. J., dissents in an opinion in which Bergan, J., concurs.
*32 Judgment reversed on the law and facts, and complaint dismissed, with costs to appellant; findings of fact numbered “ 7 ” and “ 8 ” and conclusions of law numbered “ 1 ” to “ 7 ”, inclusive, are reversed and new findings made to the effect that in the 1916 deed from Walker to Norris it was not the intention of the grantor to locate and limit the easterly boundary of the eight-acre parcel at the low-water mark of Pleasant Pond, but that such grant included the land adjacent thereto and extending to the center of the pond, title to which is now owned by the defendant, and that defendant is entitled to judgment accordingly.
Settle order on notice before any Justice of this court.