■ ZELDA MALIN, Respondent, v. WILLIAM J. WARD et al., Appellants.— AULISI, J. Appeal from a judgment and order of the Supreme Court, Ulster County, which directed specific performance of a contract for the sale of real property. We previously held (16 A D 2d 850) that the two written instruments, upon which the plaintiff relies for specific performance, read together sufficiently identified the land itself and that the quantum and price are definite enough to comply with section 259 of the Real Property Law which requires "some note or memorandum [of the contract to be] subscribed by the party to be charged" and that defendants' motion for summary judgment was properly denied. Appellants now urge that the trial court erred in admitting parol evidence describing the land to be conveyed. We do not agree. Parol evidence is admissible to identify the subject matter to which the writing relates if any doubt or uncertainty is present. The testimony here is undisputed that the

defendant Ward pointed out to the plaintiff and to a real estate broker the physical boundary lines of the premises to be conveyed to the plaintiff. Ward also walked with them around the perimeter of the premises to be conveyed and further pointed out the perimeter boundary line to a licensed surveyor who prepared a map and a written description of the premises as pointed out by said defendant who failed to testify. Such testimony, aiding as it does in locating the premises, is admissible (*Fallone* v. *Gochee*, 9 A D 2d 569, mot. for lv. to app. den. 7 N Y 2d 708). Parol evidence is admissible, not to contradict or vary the deed, but to identify the subject matter (*Pettit* v. *Shepard*, 32 N. Y. 97). It has been consistently held that where the language of the deed is ambiguous parol evidence is admissible to show the intent of the parties (*Wilson* v. *Ford*, 209 N. Y. 186, 196). Similarly, although on the face of the deed there be no ambiguity in the language employed, nevertheless, parol evidence is admissible to show the particular property to which the words of general description were intended to apply (*Coleman* v. *Manhattan Beach Improvement Co.*, 94 N. Y. 229; *Mullen* v. *Washburn*, 224 N. Y. 413; see, also, *Cordua* v. *Guggenheim*, 274 N. Y. 51). We believe that the record clearly sustains the findings of the trial court and see no reason to disturb its judgment. Order and judgment affirmed, with costs. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.