■ WILMER H. START, Respondent, v JOYCE A. TRUDELL et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Lamont, J.), entered March 8, 1988 in Albany County, which denied defendants' motion to set aside a verdict in favor of plaintiff.

This litigation results from a boundary line dispute between adjoining landowners. In 1963, plaintiff and his wife acquired a 52-acre farm, situated partly in the Town of Greenville, Greene County, and partly in the Town of Westerlo, Albany County, bounded on the north by County Road 405 and on the east by the land of Frank Palella. In 1964, plaintiff conveyed

an interior one-acre parcel to his wife's brother-in-law, Charles W. Manning, together with a 10-foot right-of-way to County Road 405, for ingress and egress. The right-of-way was graveled, extending about one eighth to one quarter of a mile to the public roadway, and was used by both plaintiff and Manning. In 1967, plaintiff and defendant Edward J. Trudell entered into discussions concerning a possible purchase of two acres of plaintiff's land at its easterly side, in the area where the right-of-way was located. Both Trudell and plaintiff testified without objection at the trial regarding their discussions while walking, measuring and mapping out the lines of the parcel to be conveyed, with Trudell taking notes, which plaintiff then took to an attorney for purposes of drawing a deed description. The parcel was transferred to defendant Joyce A. Trudell by deed from plaintiff and his wife recorded on August 3, 1967. In 1972, Manning reconveyed the lot he previously acquired to plaintiff, who subsequently built a home on the lot, thereby requiring the use of the right-of-way for ingress and egress.

The dispute between the parties is over the location of defendants' westerly boundary line which, under the deed description, is fixed at its northerly end at a point on County Road 405 (described in the deed as Albany County Highway No. 38) a distance of 175 feet along that highway from the point of beginning of the conveyed parcel. The situs of the point of beginning, therefore, became the determinative issue. The deed description refers to that point as "in line with a stone wall which is the boundary between Frank Palella * * * to the east and the parcel herein described". From that point of beginning, the easterly boundary line of defendants' land is described as "running thence southerly along said wall and Palella's lands" to where it made a corner with another stone wall. In fact, the first stone wall referred to runs in a straight northerly direction from the rear of defendants' property for most of its length, but juts in an easterly direction of some 60 feet until it meets County Road 405.

At the jury trial of this action brought to fix the boundary line (see, RPAPL art 15), defendants' proof supported interpreting the language placing the point of beginning on the southerly side of County Road 405 "in line with [the] stone wall" to mean a point where the linear projection of the main portion of that stone wall meets the public highway. Measuring 175 feet in length of the northerly boundary of defendants' parcel along County Road 405 from the foregoing point would extend defendants' westerly boundary beyond the right-

of-way plaintiff requires to access the highway. Plaintiff, on the other hand, construed the point of beginning to be located where the 60-foot jut of the stone wall actually meets County Road 405, leaving the right-of-way essentially within the easterly boundary of his land after the conveyance. The parties adduced extrinsic evidence and expert testimony to support their respective positions, including, as previously described, their understandings as they plotted the parcel together at the site. At the conclusion of the trial, the jury resolved the disputed issue in favor of plaintiff. Defendants appeal from the denial of their motion to set aside the verdict.

On appeal, defendants' principal contention is that the "in line" language of the deed is clear and unambiguous in directing that the point of beginning is to be fixed by a linear projection of the main portion of the stone wall to where it meets County Road 405. This being so, they argue, plaintiff was in effect seeking a reformation of the deed to reflect his version of the true intent of the parties, and his evidence failed to establish the certainty of error legally required for reformation. We, however, disagree with defendants' basic assumption that the description of the deed was unambiguous. It is true that defining the northeast corner of defendants' parcel as a point on the highway "in line" with the stone wall suggests that a linear projection of the main portion of the stone wall was intended, rather than where the jut of wall actually meets the highway. Nonetheless, other parts of the deed description suggest the contrary. The description refers to defendants' easterly boundary line from the point of origin on County Road 405 as *"running thence* southerly along said wall and Palella's lands" to the stone wall forming defendants' southerly boundary line (emphasis supplied). "Thence", by definition, means "from that place" (Webster's Third New International Dictionary 2370 [unabridged 1981]). This would imply that defendants' easterly boundary ran along the stone wall its entire length, including the jut, from its point of beginning on County Road 405.

Moreover, in addition to being described as starting at a point in line with the stone wall, the definition of the westerly boundary of defendants' land in the deed can easily be read as generally describing its coincidence with the previous boundary line (i.e., before the conveyance to defendants) between plaintiff's land and that of Frank Palella. Extrinsic evidence of the actual boundary between plaintiff and Palella was, therefore, admissible even in the absence of some ambiguity in the over-all deed description, in order "to locate the prem-

ises intended to be conveyed" *(Mullen v Washburn,* 224 NY 413, 418; *see, Cordua v Guggenheim,* 274 NY 51, 57). Plaintiff introduced evidence that the prior boundary line between his and Palella's lands ran the full length of the stone wall, to where it met County Road 405. If the jury accepted this proof, defendants' interpretation, that their easterly boundary line began with a linear projection of the main portion of the stone wall, would leave an unconnected triangle of land retained by plaintiff west of the land he conveyed to them, formed by the projected line of their easterly boundary, County Road 405 and the jut of the stone wall. Obviously, such an incongruity was not likely to have been intended by the parties.

The foregoing ambiguities in the deed's description of the land conveyed permitted resort to parol evidence, not for purposes of reformation of the deed, but to ascertain the meaning of the language of the deed's description according to the parties' actual intent *(see, Cordua v Guggenheim, supra; Mullen v Washburn, supra; Malin v Ward,* 21 AD2d 926, 927, *lv denied* 15 NY2d 482).

The evidence plaintiff introduced concerning the parties' agreement on property lines for the purpose of drawing a deed description was clearly relevant as an aid in construction *(see, Malin v Ward, supra).* Although defendants' evidence was contradictory, it was within the jury's province in resolving questions of credibility apparently to accept plaintiff's version that the parties well understood that defendants' western boundary ended at the driveway to County Road 405 which was located on the Manning right-of-way, that he and not defendants maintained the driveway and that defendants sought permission from plaintiff to occupy land they now claim was within the conveyance. Therefore, it cannot be said that Supreme Court, with the advantage of also being able to observe and hear the same witnesses, abused its discretion in refusing to set aside the jury's verdict as against the weight of the evidence *(see, Conservancy Holdings v Perma-Treat Corp.,* 126 AD2d 114, 117-118; *Nicastro v Park,* 113 AD2d 129, 137).

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.