■ NATHANIEL HESS, Respondent, v JEAN P. BACCARAT et al., Appellants. (And Third-, Fourth- and Fifth-Party Actions.) [619 NYS2d 798] —Peters, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered October 6, 1993 in Columbia County, which partially granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Pursuant to a deed dated May 25, 1976, plaintiff has an express easement of ingress and egress over real property of defendants. Plaintiff commenced this action seeking to prevent defendants from obstructing the easement or otherwise preventing plaintiff's use. Plaintiff moved for partial summary judgment seeking an injunction requiring defendants to remove a garage and fence which purportedly encroach upon the easement; defendants opposed the motion. Supreme Court found that while the language in the deed creating the easement was ambiguous with respect to the width of such easement, thereby precluding the removal of an infringing garage at this juncture, it nevertheless directed defendants to fully remove a fence which encroaches upon the easement shown on a map dated October 4, 1974. Supreme Court thereby

severed that part of plaintiff's cause of action seeking a permanent injunction to remove the fence from the remaining parts of his cause of action, to wit, a permanent injunction to require defendants to remove any other encroachments. This appeal by defendants followed.

The deed creating the easement stated as follows: "TO-GETHER WITH an easement over property of The Great Western Food Distributors, Inc. for ingress and egress over an existing lane approximately 40 feet in width as the same exists and connects over property of the Grantor herein; property of Marnat Lake Corp. running to property now of Marjory Hess, which easement is shown and delineated on a certain map of Marnat Lake Corp. property made by Anthony Nucci dated October 4, 1974 and revised December 24, 1974." The issue found in dispute by Supreme Court is whether the express grant intended to create a 40-foot-wide easement approximately following the center line of a much smaller existing lane or an easement over an existing 40-foot lane. Finding that the language of the creation deed, in conjunction with survey maps, is reasonably susceptible to more than one interpretation, Supreme Court found a question of fact to exist regarding the width of the easement.

It is well settled that where an inconsistency exists between the deed and the map to which it refers, the deed description should prevail *(see, Matter of City of New York [West Tenth St. Realty]*, 267 NY 212, 221), and although there may be no ambiguity on the face of the deed in the language employed, "parol evidence is admissible to show the particular property to which the words of general description were intended to apply" *(Cordua v Guggenheim*, 274 NY 51, 57; *see, Start v Trudell*, 155 AD2d 829, 832; *Malin v Ward*, 21 AD2d 926, 927, *lv denied* 15 NY2d 482). Hence, where necessary, the surrounding circumstances may be considered to show the intention of the parties *(see, Phillips v Jacobsen*, 117 AD2d 785). Here, we find that Supreme Court properly used extrinsic evidence to show the meaning of the words employed *(see, Malin v Ward, supra)*. Based upon such evidence, we find that Supreme Court properly found a question of fact to exist with respect to the width of the easement *(see generally, Kurth v Lawlor*, 183 AD2d 1060). Any contrary averments by plaintiff simply raise an issue of credibility, not properly resolved on a motion for summary judgment *(see, Carter v Maskell*, 192 AD2d 898, 900).

In finding the existence of a factual issue precluding the grant of summary judgment with respect to the width of the

easement, we do not, however, find a factual issue concerning the center line of the existing lane from which the width of the easement will be determined. Hence, we modify Supreme Court's determination regarding the wholesale removal of the fence* to require a removal of 20 feet of such fence by removal of 10 feet of fence on each side of the center line. Accordingly, by this modification, only 20 feet of such fence will be removed pending final determination of the width of the easement.

While defendants seek to create an issue concerning the location of the easement, we find that such issue was resolved in this litigation by a prior order of Supreme Court dated June 28, 1991 which has never been appealed. Hence, as to this and all other issues raised, we find them to be without merit.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment directing the complete removal of the fence; motion granted only to the extent that defendants are directed to remove 10 feet of said fence on each side of the center line of the existing lane; and, as so modified, affirmed.

---

* We find no evidence submitted indicating that such fence was erected after the issuance of a prior order of Supreme Court dated August 8, 1991 which ruled that defendants were enjoined from any further interference with plaintiff's use of the easement.