■ Nathaniel Hess, Plaintiff, v Jean P. Baccarat et al., Defendants and Third-Party Plaintiffs-Appellants. Taghkanic Realty Corporation et al., Third-Party Defendants, and American Title Insurance Company et al., Third-Party Defendants-Respondents. (And Fourth-Party and Fifth-Party Actions.) [731 NYS2d 296] —Peters, J. Appeal from an order of the Supreme Court (Cobb, J.), entered August 29, 2000 in Columbia County, which, *inter alia*, granted motions by third-party defendants American Title Insurance Company and Kenneth Pregno Agency for summary judgment dismissing the third-party complaint against them.

When this matter was last before us (210 AD2d 544), we determined that plaintiff had an express easement of ingress and egress over real property owned by defendants in Columbia County pursuant to a 1976 deed that defendants acquired from their predecessor in interest, third-party defendant Tagh-

kanic Realty Corporation (hereinafter TRC). In November 1989, prior to the time that defendants purchased the property, their counsel, Irwin Kavy, who was also a licensed real estate broker, received a title report from counsel for TRC, Shawn Pratt, which had been prepared when TRC purchased the property. The cover letter enclosing such report specifically informed that "[t]he property is subject to an easement for ingress and egress from Berkshire Rd. to a lot belonging to [plaintiff]." The report specifically excepted the following easement from coverage: "Easement for ingress and egress in a Deed from The Great Western Food Distributors, Inc. to Marjory Hess dated May 25, 1976 and recorded in the Columbia County Clerk's Office January 19, 1977 in Liber 527 of Deeds at page 964." Two days later, Pratt faxed Kavy a copy of a survey map which showed a driveway running across the property.

In December 1989, defendants' counsel received a preliminary title report prepared by third-party defendant Kenneth Pregno Agency (hereinafter Pregno) on behalf of third-party defendant American Title Insurance Company which specifically excepted the aforementioned easement (hereinafter the Hess easement) from title insurance coverage. The survey reading referenced in such report also noted, as an exception to the policy, a proposed 40-foot-wide right-of-way crossing the northerly portion of the premises, as well as a driveway crossing such premises adjoining property to the east;[1] Kavy never made a request to American Title to omit the reference to either the 40-foot-wide right-of-way or of the right of others to use the driveway crossing the property.

At a closing on January 4, 1990, Madeline Feingold of Pregno appeared on behalf of American Title. At that time, she marked an original and duplicate title policy. On the original, which was signed by defendants and retained by American Title, she marked, as an exception to coverage, both the Hess easement and a utility easement; on the duplicate, however, she marked those items as omitted. Significantly, on both copies, the survey reading portion of the title report, which incorporated the earlier survey providing that the premises were subject to, *inter alia*, the Hess easement, was marked to be included in the policy. The final title insurance policy mirrored the

---

1. It appears that the Hess easement described in Liber 527 page 964 is the 40-foot right-of-way which is where the driveway referenced in this survey is located. Hence, there appears to be only one easement at issue.

originally marked policy signed by defendants which indisputedly excepted the Hess easement from coverage.[2]

In July 1990, plaintiff commenced this action to compel defendants to remove a garage which allegedly obstructed their easement (210 AD2d 544, *supra*). When American Title refused to defend, claiming that the easement was excepted from coverage, defendants commenced a third-party declaratory judgment action against, among others, American Title. American Title impleaded Pregno, thereafter prompting defendants to assert a claim against Pregno alleging that it misled them into believing that the easement was omitted, rather than excepted, from coverage.

Both Pregno and American Title propounded motions for summary judgment; defendants cross-moved for partial summary judgment against American Title. Supreme Court dismissed the third-party complaint against Pregno finding that any claim of negligence in the marking of the preliminary title report merged into the final title insurance policy and the record was "devoid of any evidence that [Pregno] acted with fraudulent intent * * * [or induced] justifiable reliance." For similar reasons, it granted American Title's motion for summary judgment. This appeal followed.

We find no error in the dismissal of the third-party complaint against American Title. The title certificate that American Title provided to defendants at the closing declared that it "shall be null and void * * * upon delivery of the policy." The final title insurance policy issued by American Title provided, *inter alia*, that any "actions or rights of action that the insured may have or may bring against this company in respect of other services rendered in connection with the issuance of this policy, shall be deemed to have merged in and be restricted to [the policy's] terms and conditions." Once an "insurance policy has been received, it constitutes 'conclusive presumptive knowledge' of [its] terms and limits" (*Madhvani v Sheehan*, 234 AD2d 652, 654-655, quoting *Rogers v Urbanke*, 194 AD2d 1024, 1024-1025).

Although the easement was included in one marked copy of the preliminary title report at the closing and excluded in the other, defendants had knowledge of the easement prior to the closing, made no efforts to seek its omission and ultimately signed the copy which mirrored the terms in the final policy clearly excluding the Hess easement from coverage. It is for

---

**2.** The record does not reveal the date upon which defendants received the policy.

these reasons that Supreme Court appropriately declined to exercise its equitable powers to grant defendants' request for reformation (*see, Harris v Uhlendorf*, 24 NY2d 463; *Lent v Cea*, 209 AD2d 820, *lv denied* 86 NY2d 703; *Beebe v La Pierre*, 114 AD2d 668). Instead, Supreme Court properly concluded that the preliminary title report merged into the final title insurance policy and since the subject easement was unambiguously excepted from coverage, there existed no basis, despite the exceedingly broad duty imposed on an insurer to defend (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648), for American Title to be obligated to assume a defense (*see, Corvetti v Fidelity Natl. Tit. Ins. Co.*, 258 AD2d 32, *lv denied* 94 NY2d 753).

As to defendants' claims against Pregno, we find the record bereft of evidence supporting the contention that Pregno acted with fraudulent intent or somehow induced defendants' justifiable reliance upon the incorrect markings contained in the preliminary title report received at the closing (*see generally, Inavest Enters. v TRW Tit. Ins.*, 189 AD2d 111).

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

