WILLIAM T. MEYER, Respondent, v DONALD L. STOUT, Appellant. [914 NYS2d 834]—

Appeal from an order and judgment (one paper) of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered December 10, 2009. The order and judgment, among other things, permanently restrained and enjoined defendant from blocking, obstructing or interfering with plaintiff's express easement.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff previously owned over 40 acres of property in the Towns of Pike and Genesee Falls in Wyoming County. During the 1970s, plaintiff built a house and a garage on the property immediately adjacent to Route 39. He also constructed a driveway that was approximately 150 feet in length and 30 feet in width, which ran between the house and garage. At the end of the driveway is a 38-acre timber parcel owned by plaintiff. In 1986, plaintiff sold 4.8 acres of his property immediately adjacent to the roadway to defendant, thus leaving plaintiff's remaining property landlocked with the exception of the driveway, which was the sole entrance to plaintiff's property. In the deed of sale to defendant, plaintiff excepted and reserved "a right-of-way from Allegany Rd. to a 38-acre (more

or less) parcel of land . . . immediately adjacent and *southwest* of the parcel [conveyed to defendant]. Said right-of-way *to follow the course of the existing driveway and logging roads* across the above described premises" (emphasis added). Some time after purchasing the property, however, defendant began blocking the driveway. The easement allegedly granted by the deed became relevant in 2004, because plaintiff sought to sell 50% of the timber on his property and thus required access to the easement. He hired a company to administer the bidding process, sale and harvesting of the timber. Although bid notices were sent to over 70 lumber businesses, that company canceled the sale, allegedly because defendant refused to remove trucks and trailers that were blocking the driveway. Plaintiff commenced this action seeking, inter alia, to enjoin defendant from blocking the easement and to recover damages for defendant's tortious interference with prospective contracts. On a prior appeal, we affirmed an order denying those parts of defendant's motion seeking dismissal of the first, third and fourth causes of action based on our determination that, inter alia, plaintiff had stated a cause of action for an easement by necessity (*Meyer v Stout*, 45 AD3d 1445 [2007]).

The matter proceeded to a jury trial but, before the jury began its deliberations, Supreme Court directed a verdict in favor of plaintiff, finding that plaintiff had an express easement across defendant's property from Route 39 to plaintiff's property by virtue of the deed. In addition, the court granted plaintiff an easement by necessity only in the event that the express easement in the deed was invalidated or became unusable, and the court permanently enjoined defendant from blocking the easement. The jury found that the location of the easement over defendant's property was the driveway between defendant's house and garage extending from Route 39 to plaintiff's property, as described in the deed. The jury also found that plaintiff had established his cause of action for tortious interference with prospective contracts, and it awarded plaintiff damages in the amount of $110,000. We affirm.

Contrary to defendant's contention, the court properly directed a verdict in favor of plaintiff with respect to the location of the easement as set forth in the deed. As previously noted, however, the deed granted plaintiff an easement that extended "immediately adjacent and *southwest* of the parcel [conveyed to defendant]," but plaintiff did not own any property southwest of the parcel conveyed to defendant. Rather, plaintiff owned only a 38-acre parcel to the north or northwest of the property conveyed to defendant. In addition, although de-

fendant contended that the driveway referenced in the deed was a dirt logging trail and not the driveway that ran between the house and the garage, the precise language in the deed was that "[s]aid right-of-way [was] *to follow the course of the existing driveway and logging roads* across the above described premises" (emphasis added).

"When ambiguity or imperfection exists in the description of land contained in a conveyance, it is competent to refer to general language, as well as to all parts of the deed, to locate and identify the property intended to be conveyed . . . So, too, where by proof *aliunde* the deed, it is shown that no property answering the description belongs to the grantor at the place indicated, but other lands in the vicinity, corresponding in some particulars to such description, did belong to him [or her], a latent ambiguity is created, which may be solved by the further indications afforded by the deed or by extraneous evidence" (*Thayer v Finton*, 108 NY 394, 399 [1888]; *see Schweitzer v Heppner*, 212 AD2d 835, 838 [1995]; *Hess v Baccarat*, 210 AD2d 544, 545 [1994]; *Malin v Ward*, 21 AD2d 926 [1964]; *see generally Cordua v Guggenheim*, 274 NY 51, 57 [1937]). In addition, "courts may as a matter of interpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear . . . However, such an approach is appropriate only in those limited instances where some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part" (*Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547-548 [1995]; *see Castellano v State of New York*, 43 NY2d 909, 911-912 [1978]; *Hickman v Saunders*, 228 AD2d 559, 560 [1996]).

We conclude that in this case there was such a latent ambiguity as described in *Thayer* (108 NY at 399). Moreover, were we to interpret the deed such that the easement proceeded from Route 39 to the southwest, then the easement would follow the course of Route 39, which itself goes to the southwest. There was no existing driveway in such a location, and to interpret the deed in such a manner would create the absurd result that the easement would commence on property that plaintiff did not own and would continue onto property that he also did not own. We therefore conclude that, in interpreting the deed, the court properly disregarded the phrase, "and southwest of the parcel herein conveyed." Contrary to defendant's contention, the court did not reform the deed but, rather, "carr[ied] out the intention of [the deed] by . . . rejecting . . . words to make the meaning of the contract more clear" (*Wallace*, 86 NY2d at 547). Thus, the relief granted by the court was not time-barred (*see* CPLR 213 [6]).

Contrary to defendant's further contention, plaintiff established all the necessary elements of a cause of action for tortious interference with prospective contracts (*see generally NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-624 [1996]), including the necessary culpable conduct on the part of defendant (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 196 [1980]; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1999]), as well as the pecuniary loss sustained by plaintiff (*see Guard-Life Corp.*, 50 NY2d at 197; *International Mins. & Resources, S.A. v Pappas*, 96 F3d 586, 597 [1996]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.