(August 14, 2013)

■ Al's Atlantic, Inc., Appellant, v Shatma, LLC, et al., Defendants, and Maurice Gibson, Respondent. [971 NYS2d 9]—

In an action, inter alia, to quiet title to certain real property and for related declaratory relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), entered May 29, 2012, which, upon a decision of the same court (Kurtz, Ct. Atty. Ref.), dated July 25, 2011, made after a nonjury trial, is in favor of the defendant Maurice Gibson and against it dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the facts, with costs, the complaint is reinstated insofar as asserted against the defendant Maurice Gibson, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment, inter alia, declaring that a deed to the subject property dated April 15, 1996, is valid.

In 1984, the defendant Maurice Gibson executed a deed transferring title to 951 Pacific Street in Brooklyn (hereinafter the Pacific Street property) to the defendant International Dynamics, Inc. (hereinafter IDI). In 1989, Gibson executed a nearly identical deed, purporting to once again transfer the same property from himself, individually, to IDI. The 1989 deed, however, contained an acknowledgment on the reverse identifying IDI as the grantor, and Gibson as the grantee.

On April 15, 1996, Gibson executed a deed purporting to transfer title to the Pacific Street property to the plaintiff, allegedly to satisfy outstanding debts owed to the plaintiff's principal. The plaintiff took possession, but did not record the deed.

In 2007, the plaintiff commenced this action to quiet title, and filed a notice of pendency against the Pacific Street property, claiming title by virtue of, among other things, the 1996 deed. A nonjury trial was thereafter conducted before a court attorney referee to determine "all issues related to title to the parcel described in the complaint" insofar as asserted against Gibson. In a decision after trial, the Court Attorney Referee concluded that Gibson was entitled to judgment dismissing the complaint insofar as asserted against him since, by virtue of the

1984 and 1989 conveyances, IDI owned the Pacific Street property when Gibson executed the 1996 deed, and Gibson could not subsequently convey title to property that he did not possess. In a judgment entered May 29, 2012, the Supreme Court dismissed the complaint as to Gibson.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Marini v Lombardo*, 79 AD3d 932, 933 [2010]). Here, the determination of the Court Attorney Referee that Gibson did not hold title to the subject property when he purported to transfer it to the plaintiff is not supported by the facts.

Real Property Law § 240 (3) provides that "[e]very instrument creating [or] transferring . . . real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." Where the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances (*see Cordua v Guggenheim*, 274 NY 51, 57 [1937]; *Matter of New Cr. Bluebelt, Phase 4*, 79 AD3d 888, 891 [2010]; *De Paulis Holding Corp. v Vitale*, 66 AD3d 816, 818 [2009]). Moreover, " 'courts may as a matter of interpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear . . . However, such an approach is appropriate only in those limited instances where some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part' " (*Meyer v Stout*, 79 AD3d 1666, 1668 [2010], quoting *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 547-548 [1995]).

Here, contrary to the Court Attorney Referee's determination, the 1989 deed purporting to convey the subject property to IDI was ambiguous on its face. Under such circumstances, it was proper for the court to look to extrinsic evidence in order to effectuate the intent of the parties. Since Gibson unequivocally testified at trial that he mistakenly transposed the grantor and grantee on the first page of the 1989 deed, and his intent was to transfer the property in the manner alleged by the plaintiff, the court should have interpreted the deed in a manner consistent

with his stated intent. Accordingly, instead of concluding that the complaint should be dismissed as against Gibson based upon the principle that a "grantor cannot convey title to property which he or she does not possess" (*Matter of New Cr. Bluebelt, Phase 4*, 79 AD3d at 891), the Court Attorney Referee should have found in favor of the plaintiff.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate amended judgment, inter alia, declaring that the deed dated April 15, 1996, is valid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.