■ CITIBANK, N.A., Plaintiff, v AMERICAN BANANA Co., INC., et al., Defendants, GEORGE MOUYIOS, Appellant, and GEORGE LIAKEAS, Respondent. PAULINE MOUYIOS, Nonparty Appellant. [856 NYS2d 600]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered March 14, 2007, which denied defendant George Mouyios' motion to preclude judgment creditor George Liakeas from enforcing a judgment, to annul the assignment of the judgment to Liakeas, to vacate the judgment as against Mouyios, and to vacate a restraining notice dated October 19, 2006, unanimously affirmed, with costs.

Plaintiff Citibank commenced this action against the corporate defendants, and the individual defendants who had guaranteed payment on a credit line extended by Citibank to the corporate defendants. Defendant Mouyios moved, inter alia, to vacate the judgment Citibank obtained in connection with this action, and argued that the settlement agreement between Citibank and the family members of the since-deceased defendant Demetrios Contos, reached in a separate fraudulent transfer action that Citibank commenced against the family members, involved an improper assignment of judgment to a spouse of one family member (Liakeas). Mouyios alleged that the settlement and assignment of judgment were obtained with assets that had been fraudulently transferred and, as such, enforcement of the judgment as against him is barred by the doctrine of unclean hands.

Mouyios' motion was properly denied. Reliance upon the doctrine of unclean hands is applicable only "when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Mehlman v Avrech*, 146 AD2d 753, 754 [1989]; *see Rooney v Slomowitz*, 11 AD3d 864, 868 [2004]). To charge a party with unclean hands, it must be shown that said party was "guilty of immoral or unconscionable conduct directly related to the subject matter" (*Frymer v Bell*, 99 AD2d 91, 96 [1984]). Here, the fraudulent transfer issue was separate from the original litigation commenced by Citibank, and there was nothing in the record to suggest that the settlement agreement between Citibank and the family members of Demetrios Contos was illegal, inequitable or barred by a contract right (*see e.g. Sparkling Waters Lakefront Assn., Inc. v Shaw*, 42 AD3d 801, 804 [2007]). Furthermore, Mouyios' argument for apportionment of liability based on common-law contribution is not compelling as the Contos family members who settled the fraudulent transfer action were not debtors on the Citibank credit line. Concur—Saxe, J.P., Nardelli, Buckley and Catterson, JJ.