Sage Sys., Inc. v Liss (2021 NY Slip Op 02504)





Sage Sys., Inc. v Liss


2021 NY Slip Op 02504


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 650745/10 Appeal No. 13670-13670A Case No. 2020-02671 2020-03659 

[*1]Sage Systems, Inc., Plaintiff-Respondent,
v
Michael Liss, as Executor of the Estate of Robert Liss, Defendant-Appellant.


Raimondi Law, P.C., Massapequa (Christopher A. Raimondi of counsel), for appellant.
Law offices of Fred L. Seeman, New York (Fred L. Seeman of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered August 18, 2020, in favor of plaintiff, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 8, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks reimbursement, pursuant to § 13.02(b) of its partnership agreement with the decedent, for its attorneys' fees incurred in an action brought by the decedent to dissolve the partnership. In that action, the court dismissed the complaint upon its finding that neither the proprietary lease nor any document cited by the decedent demonstrated that, as the decedent claimed, plaintiff had violated the proprietary lease. The court also found that the decedent had unclean hands in seeking the equitable relief of dissolution.
Section 13.02(b) provides, "The Partnership and the other Partners shall be indemnified and held harmless by each Partner from and against any and all claims, demands, liabilities, costs, damages, expenses and causes of action of any nature whatsoever arising out of or incidental to any act performed by a Partner which is not performed in good faith or is not reasonably believed by such Partner to be in the best interests of the Partnership and within the scope of authority conferred upon such Partner under this Agreement, or which arises out of the fraud, bad faith, willful misconduct or negligence of such Partner."
This broad language encompasses the recovery of attorneys' fees (see Nigri v Liberty Apparel Co., Inc., 76 AD3d 842, 844 [1st Dept 2010]).
Contrary to defendant's contention, § 13.02(b) isnot limited to third-party claims (see Crown Wisteria, Inc. v Cibani, 178 AD3d 524, 525 [1st Dept 2019]).
The finding of the court in the dissolution action that the decedent had unclean hands in bringing that action is the equivalent of a determination that the decedent acted in bad faith (see Citibank, N.A. v American Banana Co., Inc., 50 AD3d 593, 594 [1st Dept 2008]). No appeal was taken from that finding. Contrary to defendant's contention, plaintiff was damaged by having to defend itself, incurring legal costs, in that action.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021