Episcopal Church Home & Affiliates Life Care Community, Inc. v Gates Circle Holdings, LLC (2022 NY Slip Op 01937)





Episcopal Church Home & Affiliates Life Care Community, Inc. v Gates Circle Holdings, LLC


2022 NY Slip Op 01937


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


987 CA 20-01580

[*1]EPISCOPAL CHURCH HOME AND AFFILIATES LIFE CARE COMMUNITY, INC., DOING BUSINESS AS CANTERBURY WOODS, PLAINTIFF-RESPONDENT-APPELLANT,
v
GATES CIRCLE HOLDINGS, LLC, DEFENDANT-APPELLANT-RESPONDENT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
PHILLIPS LYTLE LLP, BUFFALO (TRISTAN D. HUJER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered October 23, 2020. The order, among other things, granted in part the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of the motion seeking attorneys' fees and as modified the order is affirmed without costs.
Memorandum: Defendant appeals and plaintiff cross-appeals from an order that, inter alia, granted in part plaintiff's motion for summary judgment awarding it damages, attorneys' fees, and costs; denied defendant's cross motion for leave to renew its opposition to an earlier summary judgment motion; and set a date for a hearing on the amount of damages. We conclude that Supreme Court properly granted plaintiff's motion insofar as it sought damages but erred in granting that part of the motion seeking an award of attorneys' fees.
Plaintiff and defendant entered into a purchase agreement whereby plaintiff would buy certain property from defendant. The property at issue required environmental remediation, and the parties anticipated that the remediation work would generate certain tax credits. Pursuant to paragraph 6 (a) of the agreement, defendant agreed that plaintiff would "be entitled to receive" and defendant would pay to plaintiff a portion of those tax credits "realized by [defendant] or its members," with payment to be made within a certain period of time after the "receipt by [defendant] or [its] members" of those tax credits. The amount to be paid to plaintiff, however, was to "be net of federal income taxes paid or incurred with respect to [the] tax credits by [defendant] or [its] members."
When defendant refused to pay plaintiff any portion of the tax credits that were generated as a result of the project, plaintiff commenced this action seeking its portion of the tax credits as well as attorneys' fees, actual damages, and third-party expenses, among other things. Defendant answered and asserted a counterclaim alleging that plaintiff's demand for payment of the tax credits constituted a breach of the agreement and seeking declarations that plaintiff was not entitled to any of the tax credits and was required to reimburse defendant for "all damages and third-party expenses, including but not limited to attorneys' fees." In a prior order the court awarded plaintiff partial summary judgment on its first cause of action for breach of contract and dismissed defendant's counterclaim insofar as it alleged breach of contract. The court concluded that plaintiff was entitled to payment of the tax credits, as reduced by the provisions of paragraph 6 (a). Plaintiff and defendant thereafter filed the motion and cross motion underlying this appeal.
As a preliminary matter, we note that the parties have limited their appeal and cross [*2]appeal to the substantive merits of the legal issues. Plaintiff did not below and does not on appeal contend that defendant's cross motion to renew is procedurally deficient. Similarly, defendant did not and does not contend that plaintiff's successive motion for summary judgment was improper. In fact, defendant expressly waived any procedural objections to the motion. Both parties asked the court to reconsider portions of its prior ruling and limited their arguments to the merits, as they do on appeal.
With respect to the merits, defendant contends on its appeal that the court erred in determining that plaintiff was entitled to a portion of the tax credits. We disagree. The agreement provided that plaintiff was entitled to a portion of the tax credits received and realized by defendant or its members. It is undisputed that defendant did not receive the tax credit. It is also undisputed that defendant's sole member was Montante Group, LLC (Montante). Montante is a partnership, and the tax credits were reported as income to the five individual partners of that partnership (Individuals). Defendant thus contends that, inasmuch as the credits were received and realized by the Individuals and not by defendant or its members, plaintiff "was not, is not, and never will be entitled to any tax credits."
"It is fundamental that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms . . . and that courts should read a contract as a harmonious and integrated whole to determine and give effect to its purpose and intent . . . Courts may not, through their interpretation of a contract, add or excise terms or distort the meaning of any particular words or phrases, thereby creating a new contract under the guise of interpreting the parties' own agreements . . . In that regard, a contract must be construed in a manner which gives effect to each and every part, so as not to render any provision meaningless or without force or effect" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017] [internal quotation marks omitted]; see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
Here, we agree with the court that interpreting paragraph 6 (a) as defendant suggests would render that provision meaningless. If defendant and its member, Montante, were never going to receive tax credits because each served as a "pass-through" to the Individuals (see 26 USC §§ 701; 702 [b]), then there was no point in making any provision for plaintiff to receive such credits. "[C]ourts may as a matter of interpretation carry out the intention of a contract by transposing, rejecting, or supplying words to make the meaning of the contract more clear . . . However, such an approach is appropriate only in those limited instances where some absurdity has been identified or the contract would otherwise be unenforceable either in whole or in part" (Matter of Wallace v 600 Partners Co., 86 NY2d 543, 547-548 [1995]; see Meyer v Stout, 79 AD3d 1666, 1668 [4th Dept 2010]). Here, it would be absurd to conclude that the parties put forth a term in the agreement that could never come to fruition.
Moreover, as plaintiff correctly contends, "[a] partnership's gross income is calculated at the partnership level and passed through to individual partners. Any question as to whether the partnership has realized income must be resolved at the partnership, rather than the limited partner, level" (Estate of Newman v Commissioner of Internal Revenue, 934 F2d 426, 427 [2d Cir 1991]; see Uniquest Delaware LLC v United States, 294 F Supp 3d 107, 120 [WD NY 2018]; see generally United States v Basye, 410 US 441, 448 n 8 [1973]). Although the Individuals received and realized the tax credits as income on their personal returns, "for the limited purpose of calculating the amount of income received by a partnership, the partnership must be regarded as a separate economic entity that earns income and sustains losses as a result of its commercial activities" (Estate of Newman, 934 F2d at 433; see Uniquest Delaware LLC, 294 F Supp 3d at 120). We thus conclude that defendant's member, the Montante partnership, did in fact realize and receive the tax credits as income and, as a result, plaintiff is owed its share of those tax credits. Based on our determination, we do not address plaintiff's remaining contentions related to its entitlement to tax credits.
Plaintiff's contention on its cross appeal that its portion of the tax credits should not be reduced by the federal taxes paid by the Individuals with respect to those tax credits does not warrant modification or reversal of the order on appeal. We agree with defendant that, as the court ruled, it is entitled to an offset on damages for federal income taxes paid by the Individual members notwithstanding that Montante itself did not pay any income taxes on the tax credits, which, as noted, were received by the Individuals.
We agree with defendant on its appeal, however, that the court erred in granting the motion insofar as it sought attorneys' fees relating to plaintiff's attempt to enforce the agreement against defendant. As a general rule, "attorney[s'] fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). "Courts must not 'infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise' " (Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361 [2020], quoting Hooper Assoc., 74 NY2d at 492).
The parties do not contend that the indemnification provisions of the agreement provide for attorneys' fees in a direct action between them (see generally Hooper Assoc., 74 NY2d at 491-492; Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 206-208 [1st Dept 2010], lv denied 17 NY3d 713 [2011]), but plaintiff does contend that such an award is authorized by the section of the agreement that provides for "actual damages and . . . third[-]party expenses" in the event of defendant's intentional and willful default. In our view, that provision does not make it unmistakably clear that defendant intended to waive the benefit of the general rule. We agree with defendant that this is not a situation in which the legal expenses were third-party expenses generated to cure a default occasioned by another party or to reduce or minimize harm caused by that default (cf. City of Elmira v Larry Walter, Inc., 150 AD2d 129, 133 [3d Dept 1989], affd 76 NY2d 912 [1990]; Aero Garage Corp. v Hirschfeld, 185 AD2d 775, 776 [1st Dept 1992], lv denied 81 NY2d 701 [1992]). We thus modify the order by denying that part of plaintiff's motion seeking attorneys' fees resulting from its action to enforce the agreement.
All concur except Carni, J.P., who is not participating.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court