# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 75
Sage Systems, Inc.,
     Respondent,
   v.
Michael Liss, &c.,
     Appellant.

Christopher A. Raimondi, for appellant.
Fred L. Seeman, for respondent.

RIVERA, J.:

Under the American Rule, a prevailing party in litigation generally may not recover attorney's fees from the losing party (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Plaintiff claims that defendant waived the benefit of this rule by agreeing to a broad indemnification provision in their partnership agreement. We reject plaintiff's

- 1 -

argument and conclude that the provision lacks express language or indicia of the parties' "unmistakably clear" intent to indemnify each other for attorney's fees in an action between them on the contract (*id.* at 487). Accordingly, we reverse.

*** 

Plaintiff Sage Systems, Inc. and Robert Liss entered a partnership agreement to purchase a commercial cooperative unit. Section 13.02 (b) of the agreement is the indemnification provision, and provides, in relevant part:

> "The Partnership and the other Partners shall be indemnified and held harmless by each Partner from and against any and all claims, demands, liabilities, costs, damages, expenses and causes of action of any nature whatsoever arising out of or incidental to any act performed by a Partner which is not performed in good faith or is not reasonably believed by such Partner to be in the best interests of the Partnership and within the scope of authority conferred upon such Partner under this Agreement, or which arises out of the fraud, bad faith, willful misconduct or negligence of such Partner."

Decades later, Robert Liss unsuccessfully brought a partnership dissolution action.[1] Sage commenced this action against Liss seeking attorney's fees and costs incurred defending the dissolution action. Sage moved for summary judgment. Michael Liss, the

---

[1] In the dissolution action, Liss alleged that Sage placed the partnership in violation of the proprietary lease by, in part, subleasing a portion of the property without the commercial cooperative's permission. Sage moved for summary judgment dismissing the complaint, which the court granted, concluding that Sage did not act in violation of the lease because the alleged occupancy condition on which Liss relied was not part of the lease. The court also stated that, assuming the existence of such condition, Liss would have filed the dissolution action with "unclean hands" based on his own subleasing of the property. The court awarded Sage statutory costs and disbursements.

substitute defendant in his role as executor of the Estate for now-deceased Robert Liss, cross-moved for summary judgment, arguing that the partnership agreement did not provide for attorney's fees and did not apply to actions between the partners. The court granted Sage's motion, concluding that the indemnification provision applies such that Sage was entitled to attorney's fees and that commencement of the prior dissolution action by Robert Liss constituted bad faith under section 13.02 (b). The Appellate Division affirmed (193 AD3d 624 [1st Dept 2021]). We granted the Executor leave to appeal (37 NY3d 912 [2021]).

The Estate claims that it is entitled to summary judgment dismissing the complaint because the agreement does not provide for attorney's fees in this context. For its part, Sage argues that the indemnification provision's broad, unrestrictive language demonstrates the parties' clear intent to provide attorney's fees related to direct claims between them. We agree with the Estate that the provision does not permit Sage to recover its attorney's fees incurred in the prior dissolution action.[2]

Under the American Rule, "attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper*, 74 NY2d at 491).[3] The

---

[2] Given this conclusion, we have no occasion to consider Sage's claim that the commencement and maintenance of the prior dissolution action constitutes bad faith by Robert Liss, as required under section 13.02 (b).

[3] Examples of statutory authorization of attorney's fees include DRL § 237 (allowing courts to grant attorney's fees in divorce and annulment proceedings); CPLR 8601

American Rule is intended to increase "free access to the courts" for those who would otherwise be discouraged from seeking "judicial redress of wrongs" for fear of having to pay a defendant's attorney's fees (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]). The Rule was originally derived from federal legislation passed in 1853 which recognized that "losing litigants were being unfairly saddled with exorbitant fees" (*Alyeska Pipeline Service Co. v Wilderness Society*, 421 US 240, 251 [1975]).[4]

The Rule is straightforward enough, but in the context of private agreements to avoid the Rule, courts have had to determine the intent of vague fee-shifting language and broad indemnification provisions that do not explicitly allow for the prevailing party in an action between contracting parties to collect attorney's fees (*see e.g. Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]; *West Vernon Petroleum Corp. v Singer Holding Corp.*, 103 AD3d 623 [2d Dept 2013]; *Episcopal Church Home & Affiliates Life Care Community, Inc. v Gates Circle Holdings, LLC*, 203 AD3d 1706 [4th Dept 2022]). To the extent that some of these

---

(authorizing attorney's fees in civil actions against the State); and 42 USC § 1988 (permitting recovery of attorney's fees in civil rights actions asserting federal constitutional claims).

[4] In contrast, the English Rule permits recovery by the winning party. That Rule prevents prevailing parties from carrying the financial burden of their legal fees and is intended to discourage "wasteful litigation" and "induce more settlements" (Theodore Eisenberg & Geoffrey P. Miller, *The English Versus the American Rule on Attorney Fees: An Empirical Study of Public Company Contracts*, 98 Cornell L Rev 327, 335-336 [2013]). However, "no consensus exists about [which] rule better promotes desirable primary conduct" (*id*. at 337-338). On the latter point, this Court has stated that "[t]he preferred remedy" for deterring frivolous litigation under the American Rule is "the use of separate, plenary actions after the challenged proceedings have concluded" (*Lezak*, 69 NY2d at 5).

decisions presume that broadly worded indemnification provisions by their nature are intended to cover attorney's fees in direct party actions, they deviate from this Court's exacting standard that the agreement must contain "unmistakably clear" language of the parties' intent to encompass such actions (*see Hooper,* 74 NY2d at 492).

In *Hooper*, the plaintiff successfully sued the defendant for breach of contract and, in the same action, also sought reimbursement for its attorney's fees. The plaintiff relied on an indemnity clause in the parties' agreement that the defendant would pay for the plaintiff's "reasonable attorney's fees" (*id.* at 490).[5] In rejecting plaintiff's claim, the Court explained that the parties "failed to define the scope of [the] defendant's promise" and thus it was necessary to determine whether the clause was limited to fees incurred in a third-party action or a direct suit against the defendant under the contract (*id.*). The Court reasoned that because the parties were under no legal duty to indemnify, the indemnity clause must be strictly construed to avoid reading into the contract "a duty which the parties did not intend to be assumed" (*id.*). The Court further explained that because application of that indemnity agreement to direct actions between contracting parties would be contrary to the American Rule, courts "should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the

---

[5] In full, the provision "obligate[d] defendant to 'indemnify and hold harmless [the plaintiff] from any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees' arising out of breach of warranty claims, the performance of any service to be performed, the installation, operation and maintenance of the computer system, infringement of patents, copyrights or trademarks and the like" (*Hooper*, 74 NY2d at 492).

promise" (*id*. at 492). The Court concluded that the clause was a typical, broadly worded indemnity provision, which referred to subjects that give rise to third-party claims (*id*.). Moreover, "none [of the bases supporting an action for indemnity were] exclusively or unequivocally referable to claims between the parties themselves or support[ed] an inference that defendant promised to indemnify plaintiff for counsel fees in an action on the contract" (*id*.). Thus, the agreement was devoid of language "clearly permitting plaintiff to recover from defendant the attorney's fees incurred in a suit against defendant" (*id*.; *see also Ambac Assur. Corp. v Countrywide Home Loans, Inc*., 31 NY3d 569 [2018] [applying *Hooper*]).

Here, the indemnification provision makes no explicit mention that partners may recoup attorney's fees in an action on the contract. Nor is there any basis to infer the provision is limited to actions between the partners.[6] The indemnification provision broadly applies to all types of actions, providing that

> "the partnership and other partners shall be indemnified and held harmless from and against any and all claims, demands, liabilities, costs, damages, expenses and causes of action *of any nature whatsoever arising out of or incidental to any act performed by a Partner [not performed in good faith or not reasonably believed to be in the Partnership's best interest and within the Partner's authority]*" (emphasis added).

---

[6] Nor does the remainder of section 13.02 evince an intent by the parties to waive the American Rule in an action between the parties on the contract. Subsection (a) merely provides indemnification in matters involving the partners' good faith conduct. It provides no basis to read the indemnification as an unequivocal agreement to pay a prevailing partner's attorney's fees.

This language is not limited to actions between the partners but encompasses actions involving third parties. It is limited in scope only by the requirement that the partner have committed some misconduct. Indeed, the provision is broader than the indemnity clause in *Hooper* (*see* 74 NY2d at 491). It is also unlike the provision in *Breed, Abbott & Morgan v Hulko*; here, it is not "difficult, if not impossible to ascertain" what the indemnification clause would cover other than attorney's fees in suits between the parties (74 NY2d 686, 687 [1989]). In sum, nothing in the provision nor the agreement as a whole makes "unmistakably clear" that the partners intended to permit recovery for attorney's fees in an action between them on the contract (*id.* at 487).

Parties must determine how best to articulate their agreement to ensure their intentions are clear. However, inclusion of clear language stating that the prevailing party is entitled to recover attorney's fees in an action between the parties would avoid potential litigation on the issue.

Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment dismissing the complaint granted.

Order reversed, with costs, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment dismissing the complaint granted. Opinion by Judge Rivera. Acting Chief Judge Cannataro and Judges Garcia, Wilson, Singas and Troutman concur.

Decided October 20, 2022