Gavrielov v Unger Consulting Group Ltd. (2024 NY Slip Op 00375)

Gavrielov v Unger Consulting Group Ltd.

2024 NY Slip Op 00375

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 157950/21 Appeal No. 1549 Case No. 2023-01114 

[*1]Meirav Gavrielov et al., Plaintiffs-Respondents,
v
Unger Consulting Group Ltd. et al., Defendants-Appellants.

Helene W. Hartig, New York, for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.) entered February 2, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment under CPLR 3212 as to liability on plaintiffs' claims for use and occupancy against defendants, and dismissed defendants' fourth, fifth, eighth, ninth, eleventh, twelfth, and thirteenth affirmative defenses and first, second, fifth, sixth, and seventh counterclaims, unanimously affirmed, without costs.
The motion court properly granted plaintiffs' motion for summary judgment as to liability on their claims for use and occupancy against defendants based on this Court's June 6, 2019 order (173 AD3d 443 [1st Dept 2019]), which reversed the dismissal of the 2016 holdover proceeding against defendants, granted summary judgment to plaintiffs on the holdover petition, and dismissed defendants' counterclaims and defenses, and the subsequent June 27, 2020 final order in holdover proceeding, both of which have preclusive effect under the doctrines of res judicata and collateral estoppel (see e.g. Munroe v Park Ave S. Mgt., 99 AD3d 426, 427 [1st Dept 2012]).
We reject defendants' contention that the parties' stipulation in the 2017 nonpayment proceeding specifically reserved the counterclaims and defenses raised in that proceeding. Nothing in the stipulation provided that the issues raised in the 2016 holdover proceeding that were also raised in the nonpayment proceeding were carved out or otherwise outside the ambit of the appeal that resulted in this Court's 2019 order dismissing the same affirmative defenses and counterclaims raised here (see e.g. Mill Rock Plaza Assoc. v Lively, 224 AD2d 301, 301 [1st Dept 1996]).
Contrary to defendants' contention, the motion court did not "pierce the corporate veil" by holding defendant Harold M. Unger personally liable for use and occupancy. Rather, Unger acknowledges that he intentionally dissolved the corporate tenant defendant in 2015 as its principal, which renders him personally liable for use and occupancy due under the parties' 2017 stipulation, "since he admits having signed it as president of a corporation that had been previously dissolved . . . and fails to show that entering into the lease was necessary to the winding up of the corporation's affairs" (Pennsylvania Bldg. Co. v Schaub, 14 AD3d 365, 366 [1st Dept 2005]). This warrants dismissal of defendants' fourth affirmative defense based on lack of privity (id.).
To the extent that the portion of the affirmative defense of unclean hands (the ninth affirmative defense) relating to plaintiffs' use of the apartment's address as their primary residential address while Unger was actually living there was not previously raised in the 2016 holdover proceeding, defendants fail to explain how this purported dishonesty damaged them. Thus, dismissal of that affirmative defense was warranted (see e.g. Citibank, N.A. v American Banana Co., Inc., 50 AD3d 593, 594 [1st Dept [*2]2008]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024